### CARY and another v. CLARK.

---

Although, in a judgment creditor's bill, the *fi. fa.* appears to have been issued three years after the judgment was docketed, yet this is not sufficient, of itself, to dissolve an injunction; for a *scire facias* can be presumed, and the defendant should make his application in the court of law, if the latter writ had not been issued to revive the judgment.

---

*January* 7,
1839.

*Debtor and
creditor.
Judgment
creditor's
bill.
Injunction.*

JUDGMENT creditor's bill; which showed that the judgment was docketed on the thirty-first day of July in the year one thousand eight hundred and thirty-five, but execution not issued until the twenty-fourth day of October, one thousand eight hundred and thirty-eight. Motion to dissolve the injunction on the ground that it did not appear the judgment had been revived by *scire facias.*

Mr. *J. H. Lee,* in support of the motion.

Mr. *O. Gridley,* for the complainants.

THE VICE-CHANCELLOR :—I must adhere to the opinion I have before expressed that this court will intend the execution was regularly issued, although more than two years have elapsed from the time of rendering the judgment. If the issuing of the execution were not authorized or regular, the defendant should apply to the court of law to set it aside. Until the contrary is shown, and while the execution is suffered to remain as one duly issued and returned, this court will presume it was preceded by a *scire facias* to warrant it. It is not necessary to state the revival by *scire facias* in the bill to give this court jurisdiction. Enough appears without such a statement.

Motion denied ; with costs to be taxed.